## Ondrey v. Vates

*Neil R. Rosen*, for plaintiff.
*Stephen W. Graffam* and *David H. Trushel*, for defendants.

FRANKSTON, *Administrator,* June 16, 1980 —Presently before us is plaintiff's petition for transfer of case to the Court of Common Pleas of Allegheny County filed March 31, 1979. Oral argument was held on May 12, 1980, and the parties subsequently submitted briefs in support of their respective positions. A brief recital of the pertinent procedural background follows in order to properly frame the issue presented.

On October 29, 1979 plaintiff filed a certificate of readiness indicating the instant claim was ready for hearing and requesting initiation of the arbitration panel selection process. No timely objections thereto were filed and on November 27, 1979 we sent out lists of potential panel members (as required by existing law) to begin selecting a seven member panel. On January 28, 1980 this office advised the parties of the names of those candidates who had survived the selection process and of qualifying statements which had been made by several of them on their oaths of office.

On February 8, 1980 defendant Vates filed a motion to permit late striking of arbitration panel candidates to which plaintiff responded on February 12, 1980. As of that date, no panel chairperson had yet been appointed. The motion was later denied by order dated February 20, 1980.

In the meantime, the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, 40 P.S. §1301.101 et seq. (hereinafter referred to as the Act), was amended by the Act of December 14, 1979, P.L. 562, sec. 1, 40 P.S. §1301.308, effective February 12, 1980, to reduce panel sizes from seven to three members as a means of further promoting prompt determinations of claims filed with this office. See, generally, 40 P.S. §1301.102. The amendatory act was specifically made applicable to

all claims filed prior to its effective date in which no chairperson had been appointed.

At the same time, the legislature added a section to the act which reads as follows:

"Section 403. Transfer to Common Pleas Court. —If an arbitration panel is not selected by the administrator within 90 days after the filing of a certificate of readiness as provided for in the applicable rules and regulations, in such event the administrator shall forthwith transfer the case to the common pleas court having venue over the case for pretrial and trial as in other civil cases." The effect of this section is to divest us of jurisdiction where we are unable to promptly select a panel to hear a particular claim.

In view of the fact that no chairperson had been appointed by February 12, 1980, we promptly selected a three member panel pursuant to the amended section 308 and so notified the parties by correspondence dated February 21, 1980. Following the exercise of peremptory challenges and substitution of replacement members pursuant to the new system, Patrick F. McArdle, Esq., was appointed Arbitration Panel Chairperson on April 29, 1980.

In the petition before us, plaintiff argues that because section 403 is applicable to the instant case and no chairperson was appointed within 90 days of the filing of her certificate of readiness, the claim must be transferred to the Court of Common Pleas of Allegheny County. This argument assumes that the 90 day period set by section 403 began running on October 29, 1979, despite the fact that that section did not become effective until February 12, 1980.

Plaintiff has cited no authority which supports this novel contention and our research has disclosed no instances where a time period prescribed by statute was construed to have begun running before the statute became effective. The instant situation is *not* one where an existing statutory time period was repealed and replaced with a different period. In those instances, any time which has already expired under the former statute (as of the effective date of the amendatory act) is included in measuring the new time period. See 1 Pa.C.S.A. § 1975.

Rather, the present case presents a situation in which a time limitation has been imposed where none existed previously. We conclude that under these circumstances, the time period (in this case, 90 days) cannot begin running from any point other than the effective date of the section which imposes it. This interpretation is based upon and is consistent with that given in analogous situations such as the Supreme Court's 240-day rule (see 9 Pa. Bull. 3936 (1979)) and our mandatory filing of certificates of readiness rule (see 37 Pa. Code § 171.123).

A well-known principle of statutory construction states that the General Assembly does not intend a result which is absurd, impossible of execution or unreasonable. See 1 Pa.C.S.A. § 1922(1) and cases noted thereafter. Plaintiff herein asks us to adopt an interpretation of section 403 which would divest us of jurisdiction over a case in which a three member panel was selected within 90 days from the effective date of a statute enacted to promote selection of three member panels within 90 days. Such result, we believe, would be manifestly absurd and certainly not within the intention of the legislature in amending the act.

Further, an interpretation that the 90 day period began to run as of October 29, 1979 would mean that this office was required to select a three member panel within a 90 day period during which we were not authorized to select three member panels in the absence of a stipulation of the parties. No such stipulation was submitted in this case and, therefore, we find plaintiff's contention that a panel should have been selected by January 29, 1980 to be without merit.

A panel is in place, the chairperson has been appointed and the matter is ready for arbitration. We see no reason to delay disposition of the case by removing it to a different tribunal. Accordingly, we enter the following

### ORDER

And now, June 16, 1980, upon consideration of the petition for transfer filed March 31, 1980, the oral argument held May 12, 1980 at the request of plaintiff and the briefs of the parties, it is hereby ordered and decreed that said motion is denied. The instant file will be transmitted forthwith to the Arbitration Panel Chairperson who shall expeditiously schedule and conduct a pre-hearing conference and arbitration hearing.